IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| CHARLES TALBERT, | 1:25-CV-00084-RAL |
| Plaintiff | RICHARD A. LANZILLO<br>Chief United States Magistrate Judge |
| vs. | OPINION ON DEFENDANTS'<br>MOTION TO DISMISS |
| JOSH SHAPIRO, et al., | |
| Defendants | ECF NO. 32 |

I. Introduction

Plaintiff Charles Talbert, an inmate in the custody of the Pennsylvania Department of Corrections (DOC), initiated this pro se civil rights action seeking monetary and injunctive relief pursuant to 42 U.S.C. § 1983. In his Amended Complaint – the currently operative pleading – Talbert accuses Pennsylvania Governor Josh Shapiro and DOC Secretary Laurel Harry of mismanaging federal funds and taxpayer dollars by failing to use those funds to supply adequate services and comfortable conditions to Pennsylvania inmates. ECF No. 12. Talbert does not identify any particularized injury stemming from his allegations.

Presently pending is a motion to dismiss filed by Shapiro and Harry. ECF No. 32. Talbert, in response, requests leave to file a second amended pleading. ECF No. 36. This matter is ripe for adjudication.[1]

II. Factual Background

As Defendants accurately note, Talbert's pleading "stems not from any identifiable particularized injury, but rather appears to be a general complaint against the Governor of the Commonwealth and the Secretary of the Department of Corrections for unspecified conditions of his confinement." ECF No. 32 at p. 1. Talbert alleges that, for the fiscal years 2023-2025, the DOC had an operating budget of $2.9 billion dollars – approximately $183.00 per inmate per day. ECF No. 12 ¶ 5. He maintains that Shapiro and Harry, as the officials exercising budgetary authority over these funds, have "willfully and unlawfully converted [those funds] for the Defendants and third parties benefit while only providing Plaintiff inadequate and unhealthy meals; inadequate and substandard healthcare; and indefinite placement in solitary confinement without any programming or academic and vocational training." Id. ¶ 16.

Talbert asserts four causes of action. He first accuses Defendants of violating the Eighth Amendment because, "as a proximate result of Defendants' mismanagement of Plaintiff's worth of $183.00 per day," he was "isolated indefinitely in solitary confinement" and denied adequate medical and mental health care. ECF

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

No. 12 ¶ 31. His second claim – titled "Fourth Amendment Bodily Privacy Right" – alleges that Defendants' refusal to spend more money on food services forced him to "consume food that he doesn't want to consume, thus, becoming subjected to an unreasonable intrusion of unwanted food into his body." *Id.* ¶ 33. Count three attempts to state a due process claim based on a perceived liberty and property interest in "his $183.00 per day." *Id.* ¶¶ 35-36. Finally, he asserts a Sherman Antitrust Act claim based on Defendants' decision to sign exclusive contracts with outside entities to provide healthcare and food services to Pennsylvania inmates. *Id.* ¶¶ 37-44. Notably, Talbert does not connect these allegations to any dates, times, specific incidents, or particularized injuries.

III.    Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this

determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555 (citing *Papasan*, 478 U.S. at 286). *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Finally, because Plaintiff is proceeding pro se, the allegations in the complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read a pro se litigant's pleadings to state a valid claim upon which relief could be granted, it should do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

IV. Analysis

Talbert's claims must be dismissed for several reasons. Initially, he has failed to identify any particularized injury. His broad allegation that Defendants mismanaged the DOC's budget to the detriment of all Pennsylvania inmates is insufficient to state a claim for relief. *See, e.g., Arrington v. Shouppe*, 2021 WL 12314222, at *2 (W.D. Pa. Oct. 18, 2021) ("Plaintiff must state as specifically as possible the actual injury suffered from the action of the defendants that resulted in the alleged civil rights violation."); *Calipo v. Wolf*, 2019 WL 6879570, at *11 (W.D. Pa. Nov. 15, 2019) (noting that a plaintiff cannot assert a claim for relief based on

5

injuries suffered by "the prison population at large").

Second, Talbert has failed to allege the personal involvement of either Defendant. To prevail on a § 1983 claim, a plaintiff "must show that each and every defendant was 'personal[ly] involve[d]' in depriving him of his rights." *Kirk v. Roan*, 2006 WL 2645154, at *3 (M.D. Pa. 2006) (quoting *Evancho v. Fischer*, 423 F.3d 347, 353 (3d Cir. 2006)). This means that each defendant must have played an "affirmative part" in the complained-of misconduct. *Iqbal*, 556 U.S. at 677 ("In a § 1983 suit ... [a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); *Oliver v. Beard*, 358 Fed. Appx. 297, 300 (3d Cir. 2009). In the absence of specific allegations that a defendant played a role in depriving the plaintiff of a constitutional right, dismissal is appropriate. *See, e.g., Mearin v. Swartz*, 951 F.Supp.2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims pursuant to Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain defendants had played an affirmative part in the alleged Eighth Amendment violation).

These principles apply with equal force where the defendants are supervising prison officials. *See, e.g., Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) (noting that liability for supervisory officials must still be based on "personal involvement in the alleged wrongs"); *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("[L]iability cannot be predicated solely on the operation of respondeat superior."). Although a supervisor cannot encourage constitutional violations, "a supervising public official has [no] affirmative constitutional duty to supervise and

6

discipline so as to prevent violations of constitutional rights by his or her subordinates." *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986); *Brown v. Grabowski*, 922 F.2d 1097, 1120 (3d Cir. 1990). Rather, a supervisor-defendant may only be liable for unconstitutional acts undertaken by subordinates if the supervisor either: (1) with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm; or (2) participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct. *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).

In the instant case, Talbert alleges only that Shapiro and Harry failed to utilize the DOC's budget for the maximum benefit of Pennsylvania inmates. There is nothing to suggest that Shapiro or Harry played any direct role in an injury sustained by Talbert or any other inmate. As such, it is abundantly clear that Talbert is attempting to hold these Defendants responsible for hypothetical injuries based entirely upon their supervisory role in the Commonwealth and its prison system. This type of averment is insufficient to establish personal involvement in the deprivation of a constitutional right. *See, e.g., Rode*, 845 F.2d at 1207.

Finally, the Court notes that Talbert has already challenged many of the policies at issue here in numerous other lawsuits. *See, e.g., Talbert v. Pennsylvania*, 2025 WL 984394 (M.D. Pa. Mar. 31, 2025) (alleging that the DOC confines inmates with mental health conditions in long-term solitary confinement rather than provide

mental health treatment); *Talbert v. Department of Corrections*, 2023 WL 4873643 (E.D. Pa. July 31, 2023) (challenging, *inter alia*, adequacy of prison diet); *Talbert v. Biden*, No. 1:23-cv-00260 (W.D. Pa. 2023) (asserting claims based on allegedly inadequate medical care, excessive confinement in solitary housing, sexual harassment, retaliation, and religious discrimination). The instant case appears to be nothing more than a quixotic attempt to impute liability to high-ranking state officials for those same grievances under a frivolous "mismanagement of funds" theory. The Court has already twice rejected a similar legal theory from this same plaintiff. *See Talbert v. Biden*, 2024 WL 3445749, at *3 (W.D. Pa. Apr. 11, 2024) (rejecting claims against Shapiro and other Commonwealth officials and agencies based on allegation that they "received federal financial assistance for their program and activities, to which they have failed to carry out, to which caused, and still causes, the Plaintiff detriment to his health, safety, and general well-being."); *Talbert v. Irwin*, 2025 WL 863382, at *3 n. 9 (W.D. Pa. Feb. 6, 2025) (same). His latest attempt fares no better.

V.      Leave to amend

In response to Defendants' motion to dismiss, Talbert filed a motion for leave to amend his pleading and submitted a proposed Second Amended Complaint. That document adds only two additional facts: that Shapiro declined assistance after Talbert sent him a complaint letter on May 8, 2024, and that the DOC operates only one prison – SCI-Waymart – with a dedicated mental health unit. ECF No. 36-1 ¶ 15. As with his other pleadings, Talbert alleges that this represents a misuse of DOC

funds. *Id.* at ¶¶ 5-6. Neither of these additional facts is enough to cure the deficiencies outlined above.

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). However, the court "'need not provide endless opportunities for amendment, especially where such opportunity already has been enjoyed." *Baker v. Moon Area Sch. Dist.*, 2018 WL 40571719, at *8 (W.D. Pa. Aug. 27, 2018) (quoting *Taylor v. Pilewski*, 2008 WL 4861446, at *3 (W.D. Pa. Nov. 7, 2008)). As outlined above, Talbert has already had two opportunities to amend his complaint. He has failed, on each occasion, to state a cognizable injury or cure the defects in his prior pleadings. Further leave to amend would plainly be futile.

VI. Conclusion

For the reasons stated herein, Defendants' motion to dismiss [ECF No. 32] will be granted and Talbert's motion for leave to amend [ECF No. 36] will be denied. An appropriate order will follow.

Dated this 29th day of January, 2026.

BY THE COURT:

*/s/ Richard A. Lanzillo*
RICHARD A. LANZILLO
Chief United States Magistrate Judge